UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| CORKCICLE, LLC,<br><br>         Plaintiff,<br><br>    v.<br><br>YFS KITCHEN AND BEAUTY D/B/A JXS<br><br>         Defendant. | Civil Action No.: 6:21-cv-385<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF CORKCICLE, LLC'S COMPLAINT FOR DESIGN PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff Corkcicle LLC ("Corkcicle" or "Plaintiff"), by and through its undersigned attorneys, complains and alleges against Defendant YFS Kitchen and Beauty d/b/a/ JXS ("JXS" or "Defendant") as follows:

**THE PARTIES**

1.  Plaintiff Corkcicle is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 1300 Brookhaven Drive., Suite 2, Orlando, Florida 32803.

2.  On information and belief, Defendant JXS is a Chinese entity organized and existing under the laws of the People's Republic of China.

**JURISDICTION AND VENUE**

3.  This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.

4.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338(a).

1

5. This Court has personal jurisdiction over Defendant JXS because, *inter alia*, Defendant is purposefully and intentionally availing itself of the privileges of doing business in the State of Texas, including in this District. Among other things, and on information and belief, (i) Defendant has advertised, marketed, promoted, offered for sale, sold, and/or distributed, and continue to advertise, market, promote, offer for sale, sell, distribute, and/or import, infringing products to customers and/or potential customers, including in this District; (ii) Defendant's acts giving rise to this lawsuit and harm to Plaintiff Corkcicle have occurred and are occurring in the State of Texas, including in this District; (iii) Defendant has regularly and intentionally done business in this District and sold its infringing products in this District providing Defendant with infringing business revenue from this District; (iv) Defendant's customers and/or potential customers reside in the State of Texas, including in this District; and (v) Defendant benefited financially from the Texas market, including, for example, through sales of infringing products that ultimately occur in Texas, including in this District. Further, on information and belief, Defendant has sold infringing products for distribution throughout Texas and this District, and has delivered infringing products into the stream of commerce to purchasers in Texas, including in this District.

6. Alternatively, this Court may exercise personal jurisdiction over Defendants located outside of the United States under Federal Rule of Civil Procedure 4(k)(2).

7. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d), federal law, and judicial doctrine. Venue is also proper under 28 U.S.C. § 1400. In the alternative, venue is appropriate here in any event under 28 U.S.C. § 1391(c)(3) because JXS is a foreign defendant that is not resident in the United States and thus "may be sued in any judicial district."

**CORKCICLE'S INNOVATIONS**

8. Plaintiff Corkcicle was founded in 2011 as an innovator in the adult beverage industry. Its first breakthrough, the "CORKCICLE," was a cork in the form of a reusable "icicle" that could be kept in the freezer and then inserted into a wine bottle to chill the contents for consumption. The original "CORKCICLE" was a game-changing product that experienced massive success – which continues to this day.

9. Since introducing the initial "CORKCICLE" product, Corkcicle has introduced dozens of other market-disrupting products that have had an immediate and long-lasting impact on the adult beverage industry. These products range from drinkware to cooler bags, and barware to lunch boxes.

10. One example of Corkcicle's innovative product design is the "WHISKEY WEDGE" product, shown below. The "WHISKEY WEDGE" includes a silicone form that is placed over a provided glass; the glass is then filled with water, and frozen so that when the silicone form is removed, a distinctive wedge of ice remains in the glass. The resulting ice wedge is perfect for keeping a liquid cold while limiting the amount of drink dilution from the melting ice.



Available at https://corkcicle.com/collections/barware/products/whiskey-wedge

11. Another example of innovative product design is Corkcicle's "CIGAR GLASS" product, shown below. The "CIGAR GLASS" comprises a uniquely shaped glass that allows a user to rest a cigar in the distinctive groove in the glass and to hold both a cigar and a drink in the same hand at the same time.



Available at https://corkcicle.com/collections/barware/products/cigar-glass

12. Unsurprisingly, the designs of the "WHISKEY WEDGE" and "CIGAR GLASS" found immediate success in the market, and are top-selling products for Corkcicle. Also unsurprisingly as a result of this success, the WHISKEY WEDGE and CIGAR GLASS have been the subject of significant unsolicited copying from various counterfeiters, both domestically and internationally.

## THE ASSERTED PATENTS

13. On November 22, 2016, U.S. Patent No. D772,311 ("the 'D311 Patent"), entitled "Shaped Ice Mold," was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The patent names Ryan Bricker, Stephen Bruner, and Benjamin Hewitt as inventors. A copy of the 'D311 Patent is attached as **Exhibit A**.

14. By lawful assignment, Plaintiff Corkcicle is the owner of all right, title, and interest in and to the 'D311 Patent.

4

15. The 'D311 Patent discloses and claims the non-functional ornamental design for a shaped ice mold, which is described and shown from multiple perspectives in Figures 1-7 of the 'D311 Patent, reproduced below.



FIG. 1



FIG. 2            FIG. 3            FIG. 4

FIG. 5            FIG. 6            FIG. 7

16. An example of the ornamental design disclosed and claimed by the 'D311 Patent is embodied in Plaintiff Corkcicle's "WHISKEY WEDGE" product, which embodies the same non-functional ornamental features. An example of the "WHISKEY WEDGE" product from Plaintiff Corkcicle's website is depicted below.



Available at https://corkcicle.com/collections/barware/products/whiskey-wedge

17. On October 24, 2017, U.S. Patent No. D800,500 ("the 'D500 Patent"),[1] entitled "Cigar Glass," was duly and legally issued by the USPTO. The patent names Ryan Bricker as sole inventor. A copy of the 'D500 Patent is attached as **Exhibit B**.

18. By lawful assignment, Plaintiff Corkcicle is the owner of all right, title, and interest in and to the 'D500 Patent.

19. The 'D500 Patent discloses and claims the non-functional ornamental features of a design for a cigar glass, which is described and shown from multiple perspectives in Figures 1-7 of the 'D500 Patent, reproduced below.

---

[1] The 'D311 Patent and the 'D500 Patent are collectively referred to herein as the "Asserted Patents."



20. An example of the ornamental design disclosed and claimed by the 'D500 Patent is embodied in Plaintiff Corkcicle's CIGAR GLASS product, which embodies the same non-functional ornamental features. An example of the CIGAR GLASS product from Plaintiff Corkcicle's website is depicted below.



Available at https://corkcicle.com/collections/barware/products/cigar-glass

## JXS' INFRINGING DESIGNS

21.     Defendant JXS manufactures, imports, sells, and/or offers for sale glass products that infringe upon the Asserted Patents.

22.     Defendant JXS' products include the "Solid Whiskey Glass" (hereinafter the "JXS Wedge Glass"), a glass product that embodies the non-functional and ornamental features of the 'D311 Patent. An image of the JXS Wedge Glass is reproduced below.



Available at https://www.amazon.com/JXS-Whiskey-Awesome-Bourbon-Drinker/dp/B082PS6HWG

23.     Defendant JXS' products also include the "Whiskey Glass" (hereinafter the "JXS Cigar Glass"), a glass product that embodies the non-functional and ornamental features claimed in the 'D500 Patent. An image of the JXS Cigar Glass is reproduced below.



Available at https://www.amazon.com/JXS-Whiskey-Glass/dp/B082PQTSJK

24. As the exemplary side-by-side comparisons shown below reveal, Defendant JXS' infringing Wedge Glass and Cigar Glass products have misappropriated Corkcicle's patented designs.

25. The chart below shows a comparison of the Figures of the 'D311 Patent with a sample of the JXS Wedge Glass product, for which JXS' product is virtually identical.

| **Infringing JXS Wedge Glass** | **Drawing from 'D311 Patent** |
|---|---|
| Available at https://www.amazon.com/JXS-Whiskey-Awesome-Bourbon-Drinker/dp/B082PS6HWG | Figure 1 |
| Available at https://www.amazon.com/JXS-Whiskey-Awesome-Bourbon-Drinker/dp/B082PS6HWG | Figure 6 |

26.     The chart below shows a comparison of the Figures of the 'D500 Patent with a sample of the JXS Cigar Glass product, for which JXS' product is virtually identical.

| Infringing JXS Cigar Glass | Drawing from 'D500 Patent |
|---|---|
| Available at https://www.amazon.com/JXS-Whiskey-Glass/dp/B082PQTSJK | Figure 1 |
| Available at https://www.amazon.com/JXS-Whiskey-Glass/dp/B082PQTSJK | Figure 4 |



Available at https://www.amazon.com/JXS-Whiskey-Glass/dp/B082PQTSJK



Figure 1

27. On information and belief, given the identicality of JXS' Whiskey Glass product to Corkcicle's WHISKEY WEDGE and the claim of the 'D311 Patent as shown above, Defendant JXS has knowledge of the claim of the 'D311 Patent. On information and belief, Defendant JXS has acted with intentional disregard for the 'D311 Patent.

28. Further on information and belief, given the identicality of JXS' Cigar Glass product to Corkcicle's CIGAR GLASS and the claim of the 'D500 Patent as shown above, Defendant JXS has knowledge of the claim of the 'D500 Patent. On information and belief, Defendant JXS has acted with intentional disregard for the 'D500 Patent.

## COUNT ONE
### (Defendant JXS' Direct Infringement of the 'D311 Patent)

29. Plaintiff Corkcicle incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-28 above.

30.     The 'D311 Patent claims a non-functional ornamental design, specifically, an "ornamental design for a Shaped Ice Mold."

31.     The accused product is Defendant JXS' Wedge Glass with ornamental design that infringes the 'D311 Patent. As shown in the charts in Paragraph 25, above, the accused product misappropriates the ornamental design for a shaped ice mold as shown and described in the 'D311 Patent.

32.     In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a shaped ice mold claimed in the 'D311 Patent and the accused product are substantially the same. The resemblance is such so as to deceive an ordinary observer, inducing him or her to purchase the JXS Wedge Glass supposing it to be the design claimed in the 'D311 Patent.

33.     On information and belief, Defendant JXS, without authority, has directly infringed and continues to directly infringe the 'D311 Patent, under 35 U.S.C. § 271(a), at least by manufacturing, importing, distributing, selling, offering for sale, and/or using within the United States the JXS Wedge Glass.

34.     As a result of Defendant JXS' infringement of the 'D311 Patent, Plaintiff Corkcicle has suffered and will continue to suffer damages. Plaintiff Corkcicle is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

35.     On information and belief, Defendant JXS copied the design of Corkcicle's WHISKEY WEDGE, which embodies the design claimed in the 'D311 Patent, to arrive at the design of the accused JXS Wedge Glass product. On information and belief, given the identicality

of the JXS Wedge Glass to Corkcicle's WHISKEY WEDGE and the 'D311 Patent, JXS has knowingly and willfully infringed the 'D311 Patent by manufacturing, importing, using, selling, and offering to sell the accused JXS Wedge Glass product.

36. On information and belief, despite Defendant JXS' knowledge of its imminent and actual infringement of the 'D311 Patent, JXS has continued to manufacture, import, use, sell, and offer to sell the accused JXS Wedge Glass product.

37. Plaintiff Corkcicle marks its WHISKEY WEDGE product with the patent number of the 'D311 Patent via its virtual marking webpage (https://corkcicle.com/pages/ip), thus providing constructive notice of infringement to JXS.

38. Defendant JXS' infringement of the 'D311 Patent is willful at least because it has continued its infringing sales even after being provided with constructive notice of its infringement via marking, and actual notice of its infringement at least as early as the filing of this complaint. Thus, this an exceptional case entitling Plaintiff Corkcicle to enhanced damages and attorneys' fees.

39. Plaintiff Corkcicle has been irreparably harmed by Defendant JXS' infringement of the 'D311 Patent and will continue to be harmed unless JXS' infringing conduct is restrained and enjoined by order of this Court.

## COUNT TWO
### (Defendant JXS' Direct Infringement of the 'D500 Patent)

40. Plaintiff Corkcicle incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-39 above.

41. The 'D500 Patent claims a non-functional ornamental design, specifically, a "cigar glass."

42. The accused product is Defendant JXS' Cigar Glass with ornamental designs that infringe the 'D500 Patent. As shown in the charts in Paragraph 26, above, the accused JXS Cigar Glass product appropriates the ornamental design for a cigar glass as shown and described in the 'D500 Patent.

43. In the eye of an ordinary observer, giving such attention as a purchaser usually gives, the non-functional ornamental design for a cigar glass claimed in the 'D500 Patent and the accused product are substantially the same. The resemblance is such so as to deceive an ordinary observer, inducing him or her to purchase the JXS Cigar Glass supposing it to be the design claimed in the 'D500 Patent.

44. On information and belief, Defendant JXS, without authority, has directly infringed and continues to directly infringe the 'D500 Patent, under 35 U.S.C. § 271(a), at least by manufacturing, importing, distributing, selling, offering for sale, and/or using within the United States at least the JXS Cigar Glass product.

45. As a result of Defendant JXS' infringement of the 'D500 Patent, Plaintiff Corkcicle has suffered and will continue to suffer damages. Plaintiff Corkcicle is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty, as permitted under 35 U.S.C. § 284, as well as all remedies for design patent infringement permitted under 35 U.S.C. § 289.

46. On information and belief, Defendant JXS copied the design of Plaintiff Corkcicle's CIGAR GLASS, which embodies the design claimed in the 'D500 Patent, to arrive at the design of the accused JXS Cigar Glass product. On information and belief, given the identicality of the JXS Cigar Glass to Corkcicle's CIGAR GLASS and the 'D500 Patent, JXS has

knowingly and willfully infringed the 'D500 Patent by manufacturing, importing, using, selling, and offering to sell the accused JXS Cigar Glass product.

47. On information and belief, despite JXS' actual knowledge of its imminent and actual infringement of the 'D500 Patent, JXS has continued to manufacture, import, use, sell, and offer to sell the accused JXS Cigar Glass product.

48. Plaintiff Corkcicle marks its CIGAR GLASS product with the patent number of the 'D500 Patent via its virtual marking webpage (https://corkcicle.com/pages/ip), thus providing constructive notice of infringement to JXS.

49. Defendant JXS' infringement of the 'D500 Patent is willful at least because it has continued its infringing sales even after being provided with constructive notice of its infringement via marking, and actual notice of its infringement at least as early as the filing of this complaint. Thus, this an exceptional case entitling Plaintiff Corkcicle to enhanced damages and attorneys' fees.

50. Plaintiff Corkcicle has been irreparably harmed by Defendant JXS' infringement of the 'D500 Patent and will continue to be harmed unless JXS' infringing conduct is restrained and enjoined by order of this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Corkcicle respectfully requests that this Court:

1. Adjudge that JXS has directly infringed, literally or under the doctrine of equivalents, Claim 1 of each of the 'D311 and 'D500 Patents, and that the manufacture, use, sale, offer for sale, and/or importation of at least the JXS Wedge Glass and JXS Cigar Glass, shown above, infringes Claim 1 of the 'D311 Patent and Claim 1 of the 'D500 Patent;

2. Permanently enjoin JXS and its officers, agents, servants and employees, and those in active concert or participation with any of them, from infringing the 'D311 Patent and the 'D500 Patent;

3. Award Corkcicle damages adequate to compensate for JXS' infringement of the 'D311 Patent and 'D500 Patent, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began;

4. Award Corkcicle the total profit made by JXS from its infringement of the 'D311 Patent and 'D500 Patent under 35 U.S.C. § 289;

5. Award Corkcicle increased damages under 35 U.S.C. § 284 for JXS' willful and deliberate infringement of the 'D311 Patent and 'D500 Patent;

6. Declare this to be an exceptional case under 35 U.S.C. § 285;

7. Award Corkcicle its attorney fees and costs incurred in prosecuting this action, together with pre-judgment and post-judgment interest; and

8. Grant Corkcicle such other and further relief as this Court deems just and proper, including an injunction.

## JURY DEMAND

Plaintiff Corkcicle hereby respectfully requests a trial by jury of all issues so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  April 20, 2021

Respectfully submitted,

DICKINSON WRIGHT PLLC

*/s/ Steven R. Daniels*
Steven R. Daniels
Texas Bar No. 24025318
607 W. 3rd Street, Suite 2500
Austin, TX 78701
Telephone: (512) 770-4200
Facsimile: (844) 670-6009
E-Mail: sdaniels@dickinsonwright.com

Franklin M. Smith
Michigan Bar No. P76987
(Application for admission forthcoming)
2600 W. Big Beaver Rd., Suite 300
Troy, Michigan 48084-3312
Telephone: 248-433-7393
Facsimile: 844-670-6009
E-Mail: fsmith@dickinsonwright.com

*Attorneys for Plaintiff*
*Corkcicle, LLC*