IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **CORKCICLE, LLC,**<br>　　　　　*Plaintiff*,<br><br>v.<br><br>**YFS KITCHEN AND BEAUTY d/b/a/ JXS,**<br>　　　　　*Defendant*. | CIVIL NO 6:21-CV-00385-ADA |

## ORDER DENYING PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE

Before the Court is Plaintiff Corkcicle, LLC ("Corkcicle" or "Plaintiff") Motion for Leave to Effect Alternative Service (the "Motion") on Defendant YFS Kitchen and Beauty d/b/a JXS ("JXS" or "Defendant") pursuant to FED. R. CIV. P. 4(f)(3). ECF No. 6. After reviewing the briefing and the applicable law, the Court **DENIES** Plaintiff's motion.

### I. BACKGROUND

Plaintiff Corkcicle alleges patent infringement against Defendant JXS. ECF No. 1. Corkcicle is a limited liability company organized in Delaware, with its principal place of business in Orlando, Florida. ECF No. 1 ¶ 1. JXS is a Chinese corporation with its principal place of business in China. *Id*. ¶ 2. On April 20, 2021, Corkcicle filed its initial complaint (the "Complaint"), alleging infringement of U.S. Patent Nos. D772,311 (the "'D311 patent") and D800,500 (the "'D500 patent"). *Id.* ¶¶ 22, 26.

On April 23, 2021, Corkcicle attempted to effectuate service by mailing a copy of the Complaint and Summons to JXS via Federal Express. ECF No. 6 at 2; ECF No. 6-3. Federal Express tracking report shows that delivery was unsuccessful and "[r]efused by recipient" on April 29, 2021. ECF No. 6-3 at 4. FedEx attempted delivery again on May 4, 2021, and May 5, 2021,

1

but the report states that the business was closed, and the courier did not attempt delivery again. *Id.* On May 21, 2021, Corkcicle again attempted to send the Complaint and Summons via UPS. ECF No. 6 at 2. UPS attempted delivery first on May 24, 2021 but was unsuccessful because "the receiver was not available." ECF No. 6-5 at 2. UPS made a second attempt to deliver the documents on May 27, 2021, and was unsuccessful again, this time because "the address [was] incomplete." ECF No. 6-6 at 2. The address that UPS attempted delivery to is:

| 包裹追踪号: | 1Z4622060496288332 |
|---|---|
| 运输至: | Weicheng Twn Youxian Dist. 5 Rongfa Shun De Qu Bei Jiao Zhen San Gui Da MianYang<br>202 Hu Bin Rd, Huangpu District<br>SiChuan, 621004<br>CN |
| UPS 服务: | UPS WORLDWIDE SAVER |

*Id.*

On June 9, 2021, Corkcicle's counsel sent a message to the JXS's email address listed on a note included with the allegedly infringing products. ECF No. 6 at 3. JXS responded to the email on June 10, 2021. ECF No. 6-7. Thus, the email address is operational in the ordinary course of business.

On June 6, 2021, Corkcicle filed this Motion to Effect Alternative Service. ECF No. 6. JXS has not filed any briefing in response.

## II. LEGAL STANDARD

1. <u>Federal Rules of Civil Procedure</u>

Rule 4(h) of the Federal Rules of Civil Procedure governs service of process on corporations such as JXS. FED. R. CIV. P. 4(h). Pursuant to Rule 4(h)(2), service on a corporation at a place not within any judicial district of the United States is to be conducted in any manner

prescribed by Rule 4(f) for serving an individual except for personal delivery under Rule (4)(f)(2)(C)(i). *Id.*

According to Rule 4(f), service on a foreign defendant must comply with one of three provisions. FED. R. CIV. P. 4(f). Rule 4(f)(1) states that service may be made "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Rule 4(f)(2) provides several methods of service to an individual in a country when there is no applicable international agreement. Rule 4(f)(3) permits a party to use an alternative method of service if the party obtains permission of the court and the method is not otherwise prohibited by international agreement. *Id.*

So long as the method of service is not prohibited by international agreement, this Court has considerable discretion to authorize an alternative means of service. *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text."). "Under Rule 4(f)(3), federal courts have discretionary authority to direct service." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010). While "other methods of obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *Midmark Corp. v. Janak Healthcare Priv. Ltd.*, No. 3:14-cv-088, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014).

2. The Hague Convention

When serving a foreign defendant, the Federal Rules of Civil Procedure allow service "not within any judicial district of the United States [] by any internationally agreed means of service

that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." FED. R. CIV. P. 4(f).

The International Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Convention") is an international treaty governing the service abroad of foreign defendants. T.I.A.S. No. 6638 (Feb. 10, 1969). Direct "service pursuant to Hague Convention procedures is required only if the method of serving process involves the transmittal of documents abroad." *Sheets v. Yamaha Motors Corp.*, 891 F.2d 533, 537 (5th Cir. 1990); *Volkswagenwerk AG. v. Schlunk*, 486 U.S. 694 (1988) ("The only transmittal to which the [Hague] Convention applies is a transmittal abroad that is required as a necessary part of service.").

   3. <u>This Court Imposes Typical Requirements Before Granting Alternative Service</u>

So long as the method of service is not prohibited by international agreement, the Court has considerable discretion to authorize an alternative means of service. *STC.UNM v. Taiwan Semiconductor Manufacturing Co. Ltd.*, No. 6:19-cv-261-ADA, 2019 U.S. Dist. LEXIS 231994, at *3 (W.D. Tex. May 29, 2019) (citing *Rio*, 284 F.3d at 1014 (9th Cir. 2002)).

This Court recently conformed its exercise of discretion to the "typical" practices recently described by the Federal Circuit. *Aprese Sys. Texas, LLC v. Audi AG*, No. 6:21-CV-01014-ADA, 2022 WL 891951, at *2 (W.D. Tex. Mar. 25, 2022); *OnePlus*, 2021 WL 4130643, at *3. When exercising its discretion, this Court looks "whether there has been a showing that the plaintiff has reasonably attempted to effectuate service on the defendant by conventional means." *OnePlus*, 2021 WL 4130643, at *3; *The Trustees of Purdue Univ. v. STMicroelectronics N.V.et al.*, No. 6:21-CV-00727-ADA, 2021 WL 5393711, at *1 (W.D. Tex. Nov. 18, 2021) ("The Court will not permit alternative service here where Purdue has not shown that it has at least made some effort to serve

4

ST-INTL"); *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzen) Tech. Ltd.*, No. 6:20-CV-00876-ADA, 2021 WL 4974040, at *1 (W.D. Tex. Oct. 25, 2021) ("The Court will not permit alternative service here where [Plaintiff] has not shown that it has at least made some effort to serve [Defendants] through other means first.").

In special circumstances, the Court will grant leave to effect alternative service without first requiring an attempt to serve defendants through other, conventional means. *OnePlus*, 2021 WL 4130643, at *3 ("To be sure, courts have typically invoked Rule 4(f)(3) only when special circumstances have justified departure from the more conventional means of service."). This consideration guides the exercise of discretion but is not an exhaustion requirement. *Id.* This Court does not intend "to order alternative service in every case in which more conventional means of service would be merely inconvenient." *Id.* at *4. Due to the Federal Circuit's concern, this Court will not invoke "alternative means of service under Rule 4(f)(3) based solely on the fact that service under the Hague Convention is more cumbersome than more informal means of service on representatives of a foreign entity." *Id.* at *3.

If service under the Hague Convention is required, plaintiffs should make a reasonable effort to attempt service under the Hague Convention before requesting alternative means of service from this Court, except when special circumstances otherwise justify alternative service. Special circumstances that justify alternative service include "when a member state has categorically refused" to effect service. *Nuance*, 626 F.3d at 1238. A court may grant alternative service when war makes service impractical in a member state. *Avus Holdings, LLC, et al., v. Iron Lab*, No. 6:22-cv-00134 (W.D. Tex. Apr. 25, 2022), ECF No. 23 at 4. The Federal Rules of Civil Procedure expressly envisions granting alternative service when a Hague member state takes too long to complete service or in cases of urgency. Fed. R. Civ. P. 4 Advisory Committee Note to

1993 Amendment. Courts also grant alternative service when a plaintiff "currently in the process of serving [a defendant] under the Hague Convention" moves to "request alternative service so as to not further delay this case." *Ackerman v. Glob. Vehicles U.S.A., Inc.*, No. 4:11CV687RWS, 2011 WL 3847427, at *3 (E.D. Mo. Aug. 26, 2011).

### III. ANALYSIS

Corkcicle requests leave to effect alternative service under FED. R. CIV. P. (4)(f)(3) to serve JXS by email. ECF No. 6 at 1.

### A.   Plaintiff Has Not Made a Reasonable Effort at Conventional Service

#### 1.   Corkcicle Sent The Complaint And Waiver To The Wrong Address

Corkcicle's brief identifies the proper address of JXS as "Weicheng Town, Youxian District Group 5, Rongfa Village, Shun De Qu Bei Jiao Zhen San Gui DA Dao, MianYang, SiChuan, 621004 China." ECF No. 6 at 2. However, Corkcicle used a different address on the UPS shipping label. ECF No. 6-5 at 2 ("Weicheng Twn Youxian Dist. 5 Rongfa Shun De Qu Bei Jiao Zhen San Gui Da MianYang 202 Hu Bin Rd, Huangpu District SiChuan, 621004 CN"). Numerous errors in address on the shipping label resulted in the incomplete delivery. Most importantly, Plaintiff truncated "Da Dao," which translates to "Big Street," into just "Big" so that the courier could not determine whether the address was a street, road, way, lane, or the like. Corkcicle does not explain these differences. Attempted service to an inaccurately written address does not qualify as a reasonable attempt at conventional service.

#### 2.   Corkcicle's Mailing to China Invoked the Hague Convention

The Federal Rules of Civil Procedure do not require a party to attempt service under the Hague Convention as a prerequisite to requesting alternative service under Rule 4(f)(3), and the U.S. Supreme Court denied certiorari on this issue. *Nuance*, 626 F.3d at 1238 ("numerous courts have found alternate service methods appropriate without a prior attempt to serve through the

6

Hague Convention. . . . This court holds that the district court erred in requiring service of [Defendant] under the Hague Service Convention."), *cert. denied,* 564 U.S. 1053 (2011). "Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing" to 4(f)(1) and 4(f)(2) and is not "extraordinary relief" or a "last resort." *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (citing *Nuance*, 626 F.3d at 1239). "[A] plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *Affinity Labs of Tex., L.L.C. v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014).

But if a party attempts to serve an entity in a Hague Convention country *by mail*, then *that mail service* must comply with the Hague Convention's procedures to properly serve the foreign defendant. *Sheets* does not preclude other forms of service and does not make Hague Convention compliance mandatory before seeking leave to effect alternative forms of service. *Sheets*, 891 F.2d at 537 (citing *Schlunk*, 486 U.S. at 705–707). Alternative service under Rule 4(f)(3) remains available to a party at any time, even after a party attempts to mail a complaint to an entity in a Hague Convention country.

"[T]ransmittal of documents abroad is precisely the type of service that triggers the application of Hague Convention Procedures." *Sheets*, 891 F.2d at 537. In *Schlunk*, the plaintiff "served VWAG pursuant to Illinois law without involving transmittal of documents abroad," meaning the Hague Convention did not apply. *Id.* (citing *Schlunk*, 486 U.S.). Here Corkcicle sent documents abroad, to JXS, making the Hague Convention required. Therefore, "insisting on service of process in accordance with the Hague Convention was well founded in fact and warranted by existing law and was interposed for a legitimate purpose." *Id.* at 538. In the present

7

case, Hague service is required due to the transmission of documents to China. On April 23, 2021, Corkcicle attempted to effectuate service by mailing a copy of the Complaint and Summons to JXS's via Federal Express. ECF No. 6 at 2; ECF No. 6-3. Because this act invokes the Hague Convention, Corkcicle should (1) reasonably attempt to follow the Hague Convention proceduers before requesting alternative service or (2) show that some special circumstance justifies alternative service.

### 3. Service By Direct Delivery to China Is Not a Reasonable Attempt at Conventional Hague Service

Corkcicle twice attempted service by direct delivery to China without complying with the protocols of the Hague Convention. "The primary innovation of the [Hague] Convention is that it requires each state to establish a central authority to receive requests for service of documents from other countries." *Schlunk*, 486 U.S. at 698. To properly serve a foreign defendant from a country that is a member of the Hague Convention, a plaintiff must ask the defendant state's established central authority to serve documents by the prescribed methods of that state. *Id.* at 698–99. Corkcicle's UPS and FedEx mailings do not qualify as a reasonable attempt at conventional Hague service.

### 4. No Special Circumstance Justifies Alternative Service

Even if a Plaintiff has not attempted conventional service, a Court will still invoke Rule 4(f)(3) when "special circumstances have justified departure from the more conventional means of service." *OnePlus,* 2021 WL 4130643, at *3. Example justifications include war, futility, urgency, and actual delay, but not expected inconvenience. WSOU has not shown that any special circumstances justify alternative service.

Corkcicle argues that "[i]t is simply not reasonable for Corkcicle to wait months or years for its patent infringement claims to be addressed while the Chinese Central Authority serves

8

documents on the physical address of JXS, a process that takes 1-2 years" ECF No. 6 at 6 (citing *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015)). The Court has weighed this delay against the Federal Circuit's "concern" against the "invocation of alternative means of service under Rule 4(f)(3) based solely on the fact that service under the Hague Convention is more cumbersome than more informal means of service on representatives of a foreign entity." *OnePlus*, 2021 WL 4130643, at *3. To stay in line with guidance from the Federal Circuit, this Court wishes to make clear that it does not "intend[] to order alternative service in every case in which more conventional means of service would be merely inconvenient." *Id.* at *4. Thus, the Court will not grant alterative service simply due to 18 months of expected delay before a Plaintiff even attempts Hague service.

If an unreasonable delay materializes *after* Plaintiff attempts Hague service, then the Court will grant leave to effect alternative service at that time. *Ackerman*, 2011 WL 3847427, at *3 (a plaintiff "currently in the process of serving [a defendant] under the Hague Convention" can "request alternative service so as to not further delay this case"). Corkcicle should first make a reasonable attempt at Hague Convention Service and request leave after it becomes clear that Hague Convention Service will cause an unreasonable delay.

   **B.**  **The Proposed Alternative Service Comports With Due Process**

When a court authorizes alternate service of process, the plaintiff's request is analyzed through traditional notions of due process, satisfied when efforts at giving notice provide fundamental fairness by exhibiting a reasonable probability of actual notice. *OnePlus*, 2021 WL 2870679, at *3. Plaintiff requests leave to effect alternative service under Rule(4)(f)(3) to serve Defendant by emailing Corkcicle.

On June 9, 2021, Corkcicle's counsel sent a message to the JXS's email address yfs001119@outlook.com listed on a note included with the allegedly infringing products. ECF

9

No. 6 at 3. JXS responded to the email on June 10, 2021. ECF No. 6-7. Thus, the email address is operational in the ordinary course of business. The Court finds that delivery to this email address is likely give actual notice of this pending lawsuit and that it comports with due process.

## IV. CONCLUSION

Corkcicle has not yet attempted conventional service or shown that some special circumstance justifies alternative service. Moreover, Corkcicle attempted delivery to the wrong address. Thus, Corkcicle's motion is **DENIED**. Corkcicle has leave to file again after it makes a reasonable attempt at conventional service to the correct address. If Corkcicle files again, the Court has already found that the proposed service will comport with due process.

SIGNED this 19th day of August, 2022.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE